WHITFIELD BLAND, JR., Petitioner, v. STATE OF TENNESSEE, Respondent.

451 S.W.2d 699.

Court of Criminal Appeals of Tennessee. Dec. 18, 1969.

Certiorari Denied by Supreme Court Feb. 16, 1970.

78

Hugh W. Stanton and Hugh W. Stanton, Jr., Memphis, for petitioner.

David M. Pack, Atty. Gen., Everett H. Falk, Asst. Atty. Gen., Nashville, Phil M. Canale, Jr., Dist. Atty. Gen., James G. Hall, Asst. Dist. Atty. Gen., Memphis, for respondent.

## OPINION

HYDER, Judge.

This is an appeal from an order dismissing a petition for habeas corpus without an evidentiary hearing, which petition was filed under the provisions of the Post-Conviction Procedure Act. The Public Defender was appointed to represent the petitioner.

· In his well prepared petition the petitioner alleges that he entered a plea of guilty to the offense of rape in Division I of the Criminal Court of Shelby County, Tennessee, during the month of September, 1956; and that he was sentenced to ninety-nine years in the penitentiary. He states that this is his second such petition. In his brief and assignments of error petitioner states that he was represented in his original criminal proceeding by two employed attorneys.

The first assignment of error filed with this Court alleges that the trial court erred in dismissing the petition without giving counsel an opportunity to confer with the petitioner so as to amend the petition and allege grounds which would require an evidentiary hearing, if the same were available.

We do not believe that the trial court is required to bring a petitioner to the situs of the court for a conference with appointed counsel if the petition filed follows the prescribed form and procedure. In the instant case the petition does follow the prescribed form and procedure. T.C.A. § 40-3807. We overrule this assignment of error.

The second assignment of error incorporates therein the allegations and contentions of his original petition. It is alleged that petitioner is entitled to an evidentiary hearing upon his charges that his judgment and sentence are illegal and unconstitutional due to the alleged fact that:

1. He was denied a preliminary hearing.

2. He was sentenced to 99 years, and this sentence is

in excess of the maximum prison sentence provided for rape.

3. There were no Negroes on the Grand Jury or the Petit Jury.

4. No evidence was presented to the jury which convicted him.

5. Confessions of his co-defendants were used to coerce him to plead guilty.

6. He was not permitted to cross-examine his co-defendants.

We do not believe that any of these allegations or contentions require an evidentiary hearing. The necessity for an evidentiary hearing must be determined by viewing as true all well-pleaded allegations of fact. Such a viewing of the well-pleaded allegations of fact in this petition, as pointed out in the assignment of error, does not lead us to the decision that an evidentiary hearing was justified.

Petitioner states in his petition that he was accused of the crime of rape in September 1955, and that he was arrested by agents of the Federal Bureau of Investigation, in Chicago, Ill., in June 1956. He says that he was returned to Memphis in June 1956. His charge that he was denied a preliminary hearing is of no avail to him since there is no constitutional mandate requiring the state to hold a preliminary hearing. State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W.2d 310.

We find no merit to petitioner's charge that his sentence of ninety nine years in the penitentiary is null and void because it is a sentence that is unauthorized by

the legislature. The punishment prescribed for the offense of rape is death; or the jury is authorized to commute the punishment for the offense to imprisonment in the penitentiary for life, or for a period of not less than ten (10) years. T.C.A. § 39-3702. Ninety nine years is within that legislative provision.

Upon pleading guilty the petitioner admitted all facts alleged and waived all non-jurisdictional defects, if any. As has been previously held by this Court he cannot now complain to the method followed in selecting the jury since he made no such objection at the time of such selection. State ex rel. George v. Henderson, Tenn. Cr.App., 432 S.W.2d 492. And as was said in the opinion in that case, no testimony of witnesses is required to validate a verdict and judgment in a criminal case wherein the defendant enters a guilty plea.

The charge made by petitioner that the confessions of his co-defendants were used to coerce him into pleading guilty does not entitle him to an evidentiary hearing. It goes without saying, we think, that no person is going to enter a guilty plea in a serious criminal case unless something influences him to do so, and this might be coercion. We do not find that this violates any legal or constitutional right unless such influence or coercion is illegal. No such charge is made here that illegal coercion was used against this petitioner.

We are of the opinion that the trial judge was correct in dismissing this petition without an evidentiary hearing, and we affirm his judgment.

RUSSELL and MITCHELL, JJ., concur.