**STATE of Tennessee, Appellee,**

v.

**James Jiles FIELDS, III, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Feb. 7, 1996.

Permission to Appeal Denied by Supreme Court May 28, 1996.

Joseph S. Ozment, Memphis, for Appellant.

Charles W. Burson, Attorney General and Reporter, Charlotte H. Rappuhn, Assistant Attorney General, Nashville, John W. Pierotti, District Attorney General, Janet Nichols, Assistant District Attorney General, Memphis, for Appellee.

## OPINION

WELLES, Judge.

This is an appeal pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. The Defendant appeals from the judgment of the trial court denying him post-conviction relief. The trial court determined that the Defendant's petition was barred by the statute of limitations. We affirm the judgment of the trial court.

The Defendant was convicted of first degree murder in the perpetration of a robbery and sentenced to death on May 17, 1971. On August 9, 1972, the Governor commuted the Defendant's sentence from death to imprisonment in the penitentiary for ninety-nine years. On direct appeal this court affirmed the Defendant's conviction and the ninety-nine-year sentence. *James Jiles Fields, III, et al. v. State*, No. 2, Shelby County (Tenn. Crim.App., Jackson, filed Feb. 1, 1973).

This petition for post-conviction relief was filed on April 8, 1993. The petition alleged that the ninety-nine-year sentence ordered by the Governor was an unconstitutional and illegal sentence. The Defendant argues that at the time the Governor commuted his death sentence, Tennessee's death penalty statute was unconstitutional and thus the only penalty for his crime was life imprisonment. He therefore argues that his sentence should be modified from ninety-nine years to life imprisonment.[1] He also argues that the application of the three-year statute of limitations violates his rights to due process as set forth in *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). He further argues that his sentence is an illegal sentence and asserts correctly

that an illegal sentence may be corrected at any time.

The State argues: (1) That the Defendant's grounds for relief have been previously determined; (2) that the Defendant's petition is barred by the statute of limitations; and (3) that in any event, the Defendant's ninety-nine year sentence is neither unconstitutional nor illegal. We conclude that each of the State's arguments has merit.

■ First, on direct appeal from the Defendant's conviction, this court took note of the commutation of the Defendant's sentence from death to imprisonment in the penitentiary for ninety-nine years. In our opinion, this court relied upon *Bowen v. State*, 488 S.W.2d, 373 (Tenn.1972), and upheld the validity of the Governor's commutation. *Fields*, slip op. at 32–34.

In *Bowen*, our supreme court was addressing a situation very similar to the one in the case *sub judice* in which the Governor had commuted Bowen's sentence from death to ninety-nine years. The supreme court stated, "the petitioner's punishment, as reduced by the Governor's action, is constitutionally permissible and was lawfully imposed; since it is a reduction from the punishment fixed by the jury, the petitioner cannot be heard to complain." Relying on said language, this court specifically affirmed the Defendant's ninety-nine year sentence on his direct appeal. This issue has been previously determined by this court.

■ Second, it is clear that the three-year statute of limitations for filing a post-conviction petition expired long prior to the filing of this petition. *See* Tenn.Code Ann. § 40–30–102. The grounds for relief alleged by the petitioner actually arose at the time the Governor commuted the Defendant's sentence to ninety-nine years. The application of the statute did not deprive the Defendant of a reasonable opportunity to present his claim. *See Sands v. State*, 903 S.W.2d 297 (Tenn. 1995).

---

**1.** The Defendant asserts that he will become eligible for parole much earlier if his sentence is life rather than ninety-nine years.

Third, even if the Defendant's petition was not barred by the statute of limitations and even if this issue had not been previously determined, we would conclude that the Defendant's argument has no merit. This court recently addressed the constitutional authority of the Governor of Tennessee to commute a sentence. In *Ricks v. State*, 882 S.W.2d 387 (Tenn.Crim.App.), *perm. to appeal denied, id.* (Tenn.1994), this court stated as follows:

> The power of a governor to commute a prisoner's sentence is rooted in the Tennessee Constitution. Article III, Section 6 of the Constitution provides: "He [the governor] shall have power to grant reprieves and pardons, after conviction, except in cases of impeachment. It is a well-established principle of law that the power to "grant reprieves and pardons" embraces the right to commute a sentence. In 59 Am.Jur.2d *Pardon and Parole* § 23 (1987), it is said:
>
> > The power to commute a sentence is a part of the pardoning power and may be exercised under a general grant of that power. The general power necessarily contains in it the lesser power of remission or commutation. If the whole offense may be pardoned, a fortiori, a part of the punishment may be remitted or the sentence commuted.
>
> Neither the legislative nor the judicial branch of government has the authority to regulate or control the governor's power to commute a sentence.

*Id.* at 391 (footnotes omitted).

■ At the time the Governor commuted the Defendant's sentence, the Defendant was under a sentence of death. It is apparent that the Governor issued the commutation in response to the decision of the Supreme Court of the United States, on June 29, 1972, in *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). However, as this court stated in *Bowen:*

> We conclude, therefore, that the judgment in a criminal case, while it is in process of appellate review, cannot be regarded as void, because of the pronouncement of a judgment in another case. Conceding, as we do, that the United States Supreme Court's opinions are binding on this Court, we cannot concede that what it has to say has the immediate effect of voiding judgments of this Court which are not involved in proceedings before it. After the pronouncement of the Georgia and Texas opinions by the United States Supreme Court, it remained for the courts of this state to apply the principles settled therein to its judgments; which were presumptively valid until that had been done.
>
> So, at the time the Governor of Tennessee commuted the death sentence in this case to ninety-nine years, it stood as the judgment in any other criminal case, subject to being corrected as might be required to make it conform to the federal constitution as required by the United States Supreme Court's opinions in the *Furman, Jackson,* and *Branch* cases, supra. It was simply a judgment in a criminal case that was subject to review as to legal or constitutional infirmities by the appellate processes afforded in this state.

488 S.W.2d at 375.

The Defendant correctly argues that our Supreme Court has held that the only legally effective punishment for first degree murder on the date of his crime was life imprisonment as established by Chapter 181 of the Public Acts of 1915. *Miller v. State*, 584 S.W.2d 758 (Tenn.1979). Our court has followed *Miller* and modified sentences to life imprisonment. *See, e.g., State v. Green*, 613 S.W.2d 229, 231 (Tenn.Crim.App.1980), *perm. to appeal denied, id.* (Tenn.1981); *see also State v. Robinson*, 622 S.W.2d 62, 66 (Tenn. Crim.App.1980); *Harris Percy Wynn v. State*, 1993 WL 153198, Hamilton Co. (Tenn. Crim.App., Knoxville, filed May 12, 1993).

Therefore, the only sentence that could legally have been ordered by a judge or jury was life imprisonment. We conclude, however, that these cases and the law set forth therein do not and cannot restrict the constitutional authority of the Governor to commute a defendant's sentence to a term less than life.

■ As this court has held, a sentence of ninety-nine years is *within* the range of a life

sentence. *State v. Gann,* 733 S.W.2d 113 (Tenn.Crim.App.), *perm. to appeal denied, id.* (Tenn.1987); *Bland v. State,* 2 Tenn.Crim. App. 77, 451 S.W.2d 699 (1969), *cert. denied, id.* (Tenn.1970). The crux of the Defendant's argument lies with the manner of computing parole eligibility, not with the action of the Governor. In short, the sentence of ninety-nine years ordered by the Governor in the exercise of his constitutional commutation authority is not an illegal sentence.

The judgment of the trial court denying the Defendant post-conviction relief is affirmed.

SUMMERS and BARKER, JJ., concur.