IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1997 SESSION

FILED

**January 22, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )
            APPELLEE,            )
                                 )       No. 02-C-01-9608-CC-00264
                                 )
                                 )       Weakley County
v.                               )
                                 )       William B. Acree, Jr., Judge
                                 )
                                 )       (Sentencing)
WILBUR A. KERNEY, AKA            )
WILBUR ALLEN MINOR,              )
                                 )
            APPELLANT.           )


FOR THE APPELLANT:                  FOR THE APPELLEE:

Pamela J. Drewery                   John Knox Walkup
Attorney at Law                     Attorney General & Reporter
1008 West Forrest                   500 Charlotte Avenue
Jackson, TN 38301                   Nashville, TN 37243-0497

                                    Sarah M. Branch
                                    Counsel for the State
                                    450 James Robertson Parkway
                                    Nashville, TN 37243-0493

                                    Thomas A. Thomas
                                    District Attorney General
                                    P.O. Box 218
                                    Union City, TN 38225


OPINION FILED:_____


AFFIRMED PURSUANT TO RULE 20


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Wilbur A. Kerney, also known as Wilbur Allen Minor (defendant), appeals as of right from a judgment of the trial court summarily denying his motion for a reduction or modification of his sentence pursuant to Rule 35, Tennessee Rules of Criminal Procedure. In this court, the defendant presents three issues for review. He contends (1) the affidavit of complaint was fatally defective,[1] (2) his sentence is subject to reduction or modification,[2] and (3) the trial court erred in refusing to grant him a hearing on his motion to stay, vacate, and remand the bind-over order.[3] After a thorough review of the record, the briefs submitted by the parties, and the law governing the issues presented for review, it is the opinion of this court that the judgment of the trial court should be affirmed pursuant to Rule 20, Rules of Tennessee Court of Criminal Appeals.

_____
JOE B. JONES, PRESIDING JUDGE

---

[1]The entry of a guilty plea, which is voluntarily, understandingly and intelligently entered, constitutes a waiver of all procedural and constitutional defects in the proceedings that occurred prior to the entry of plea. See State v. Turner, 919 S.W.2d 346, 354 n.39 (Tenn. Crim. App. 1995), per. app. denied (Tenn. 1996). This is true regarding matters pertaining to the preliminary hearing stage of the proceedings. See Bland v. State, 2 Tenn. Crim. App. 77, 81, 451 S.W.2d 699, 701 (1969), cert. denied (Tenn. 1970). Moreover, the defendant does not challenge the constitutionality of the indictment which was returned in this cause.

[2]A trial court may in the exercise of its discretion refuse a request for a hearing on a Rule 35, Tennessee Rules of Criminal Procedure motion. The trial court did not abuse its discretion in this matter. The motion failed to state sufficient grounds on the face of the document to warrant a hearing. The defendant entered a plea of guilty pursuant to a plea bargain agreement, which contained an agreed upon sentence.

[3]See footnote 1.

CONCUR:

_____
JERRY L. SMITH, JUDGE

_____
CURWOOD WITT, JUDGE