IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2001

## GEORGE TODD v. WARDEN FRED RANEY
**Habeas Corpus Appeal from the Circuit Court for Lake County**
**No. 00-CR-8060      R. Lee Moore, Jr., Judge**

_____

### No. W2000-02347-CCA-R3-CO - Filed March 22, 2001
_____

### ORDER

The Petitioner, George Todd, appeals from the Lake County Circuit Court's denial of his petition for writ of habeas corpus. In 1985, the Petitioner entered into a negotiated plea agreement and pled guilty to second degree murder. As part of the plea agreement the Petitioner received a forty-five year sentence as a Range II offender. The Petitioner subsequently filed a petition for post-conviction relief alleging ineffective assistance of counsel. The petition was denied and the Petitioner appealed the denial of his petition to this Court. On December 21, 1989, this Court affirmed the lower court's denial of the Petitioner's petition for post-conviction relief. On August 24, 2000, the Petitioner filed a petition for writ of habeas corpus in the Lake County Circuit Court, alleging that the passage of the Criminal Sentencing Reform Act of 1989 served to void his sentence and all other sentences in the State of Tennessee, and was the equivalent of a pardon. The Lake County Circuit Court denied the Petitioner's petition.

The Petitioner now appeals the Lake County Circuit Court's denial of his petition for writ of habeas corpus. Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a Petitioner; or (2) Petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

In the instant case the Petitioner has failed to cite any authority to support his argument that the convicting court was without jurisdiction or authority to sentence him. Without a showing of authority the Petitioner's arguments are hollow and lack the support necessary to breath life into them. This Court will not address arguments that are void of any authority to support them. Therefore, this issue is waived. Tenn. Crim. App. Rule 10(b); State v. Schaller, 975 S.W.2d 313, 318 (Tenn. Crim. App. 1997).

With regards to an expired sentence, the Petitioner has not alleged that his sentence has expired. Instead, the Petitioner has set forth loose allegations that his sentence is void and unconstitutional because the Criminal Sentencing Reform Act of 1989 repealed Tennessee Code Annotated section 39-2-211, the statute under which he was sentenced in 1985, and set forth no savings clause. Our review of the record and the law surrounding this contention has yielded a different finding. In Crum v. McWherter, this Court undertook an examination of Tennessee Public Acts of 1989, which "provid[ed] that the 'act shall not affect rights and duties that matured, penalties that were incurred, or proceedings that were begun before its effective date.'" Crum v. McWherter, C.C.A. No. 02C01-9108-CC-00181, *2 (Tenn. Crim. App. filed May 13, 1992, at Jackson) (citing 1989 Tenn. Pub. Acts, Ch. 591, § 115).

After a review of the record, we conclude that the Petitioner's understanding of the Criminal Sentencing Reform Act of 1989 is misplaced, the Petitioner's sentence is not void and the Petitioner's sentence is constitutional. The trial court's dismissal of the Petitioner's petition for writ of habeas corpus is affirmed pursuant to Tennessee Court of Criminal Appeals Rule 20. Costs assessed to the State of Tennessee, since the defendant is indigent.


_____
JOHN EVERETT WILLIAMS, JUDGE




_____
DAVID G. HAYES, JUDGE




_____
ALAN E. GLENN, JUDGE