IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 24, 2003

## WILLIAM KIRK RILEY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 182318     Douglas A. Meyer, Judge**

_____

**No. E2002-00694-CCA-MR3-PC**
**July 11, 2003**
_____

The petitioner, William Kirk Riley, appeals the trial court's summary dismissal of his petition for post-conviction relief. The issue presented for review is whether the petition was properly dismissed without any opportunity to amend, without the appointment of counsel, and without an evidentiary hearing. The judgment is reversed and the cause is remanded for an evidentiary hearing.

**Tenn. R. App. P. 3; Judgment of the Trial Court Reversed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Gerald L. Gulley, Jr., Knoxville, Tennessee, for the appellant, William Kirk Riley.

Paul G. Summers, Attorney General & Reporter, and Thomas E. Williams, III, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

On June 19, 1990, the petitioner filed a pro se petition for post-conviction relief under the Post-Conviction Procedure Act of 1967. He alleged ineffective assistance of counsel as a ground for relief:

> [C]ounsel failed to file application for permission to appeal unto Tennessee Supreme Court . . . or failed to ask, or seek and receive, permission to withdraw prior to filing it, and, to notify or advise petitioner of his right of pro se review from the Tennessee Supreme Court.

Two months later, the petitioner filed an amendment requesting the appointment of counsel and supplementing his claim of ineffective assistance of counsel:

> (a)     Counsel failed to interview any of the petitioner's witnesses; and

(b)    counsel failed to adequately research and investigate the petitioner's case.

Three days later, the trial court ordered the petitioner to file further pleadings in support of his claims:

> A reading of the petition reveals that it alleges ineffective assistance of counsel but not sufficient facts to determine whether it claims incompetence or some other kind of inefficiency. If incompetence is claimed, then it must be heard and determined by the "original trial Judge" but if some other kind is claimed, it must be heard and determined by another Judge. The case will therefore be retained in this court until such determination can be made after further pleadings.[1]

On September 18, 1990, Judge Douglas A. Meyer entered an order recognizing that the petitioner was indigent and that the cause would require an evidentiary hearing. The office of the public defender was appointed as counsel but did not make an appearance on behalf of the petitioner and did not file any pleadings. Approximately four months later, the trial court dismissed the petition.

Although there was no order of dismissal, the court's minutes of January 10, 1991, reflect the following:

> The above styled petition came on today to be heard. The [c]ourt, after hearing said petition, is of the opinion same is not well taken, and the [p]ost[-c]onviction [p]etition is hereby dismissed due to the petitioner['s] not alleging grounds upon which the [c]ourt has jurisdiction to act.

The petitioner, acting pro se, filed a March 25, 2002, motion in this court asking for a waiver of the filing of a timely notice of appeal. This court granted the motion and authorized the appeal.

The record of the trial establishes that during the early morning hours of September 13, 1986, the defendant struck Herschel Stone as he walked out of the B&B Lounge in Chattanooga. The murder victim, Douglas Gass, and others joined the fray. While Stone lay unconscious near the steps of the lounge, the petitioner stabbed Gass with a machete, entered the passenger's seat of a car, and sped away. The petitioner was arrested at his residence in Georgia later that same morning. When police announced their presence, the petitioner ran into some nearby woods but was found and returned to Hamilton County. In June of 1987, the petitioner was convicted of first degree murder and assault and battery. The trial court imposed concurrent, Range I sentences of life imprisonment

---

[1] Judge Russell C. Hinson signed the order; shortly thereafter, the case was transferred to a different division; at that time the statute required the convicting judge, if available, to hear post-conviction claims of ineffective assistance of counsel. See Tenn. Code Ann. § 40-30-103 (repealed 1995).

and six months, respectively. This court affirmed on direct appeal. See State v. William Kirk Riley, No. 1053 (Tenn. Crim. App., at Knoxville, July 8, 1998).

In this appeal, the petitioner claims that the petition and amendment established a colorable claim for relief and that he was entitled to the appointment of counsel, the opportunity to file further amendments, and an evidentiary hearing. The state argues that the petitioner failed to assert facts in support of his claim. The petitioner and the state agree that there was no evidentiary hearing.

The petition was filed well before the passage of the 1995 amendments to the Post-Conviction Procedure Act. At the time of filing, the Post-Conviction Procedure Act of 1967 was in effect. Tennessee Code Annotated §§ 40-30-101 to -124, since repealed, applied. Tennessee Code Annotated section 40-30-107 (repealed 1995) provided as follows:

> No petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner a reasonable opportunity, with the aid of counsel, to file an amended petition.

Another section of the act established liberal policies governing the dismissal, withdrawal, or amendment of the petitions:

> (a) The court may grant leave to withdraw the petition at anytime prior to the entry of the judgment, may freely allow amendments and shall require amendments needed to achieve substantial justice and a full and fair hearing of all available grounds for relief. The district attorney general shall be allowed a reasonable time to respond to any amendments.
>
> (b)The court shall look to the substance rather than the form of the petition and no petition shall be dismissed for technical defects, incompleteness or lack of clarity until after the petitioner has had reasonable opportunity, with aid of counsel, to file amendments.

Tenn. Code Ann. § 40-30-115 (repealed 1995).

Under the 1967 Act, there were occasions when a pro se petitioner who had competently drafted a petition for post-conviction relief and the issues raised did not require an evidentiary hearing, that the trial court might summarily dismiss without the appointment of counsel. See Crumley v. Tollett, 4 Tenn. Crim. App. 495, 474 S.W.2d 148 (1971). Under the law in effect at the time of this petition, there was a statutory basis for such rulings:

> (a)(1) When the petition has been competently drafted and all pleadings, files and records of the case which are before the court conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed.

(2) In all other cases the court shall grant a hearing as soon as practicable.

Tenn. Code Ann. § 40-30-109(a). In cases of this nature, the trial court had to view as true all of the petitioner's allegations of fact. See, e.g., Bland v. State, 2 Tenn. Crim. App. 77, 451 S.W.2d 699, 700 (1969). Only then could a court summarily dismiss. This court has recognized the "enormous burden" of discretion granted trial judges under our prior law and suggested "great caution in the exercise of these functions," especially in consideration of the provisions of Tennessee Code Annotated sections 40-30-107 and 40-30-115. Cureton v. Tollett, 477 S.W.2d 233, 237 (Tenn. Crim. App. 1971). In consequence, trial courts under the prior act traditionally appointed counsel, granted amendments, and only then considered the propriety of disposition without an evidentiary hearing. In Baxter v. Rose, our supreme court cited with approval § 4.4(a) of the ABA Standards, Post-Conviction Remedies:

> (I)t is most desirable to avoid processing of applications for post conviction relief beyond the initial screening of the documents without counsel representing the applicant. Counsel should be provided for pro se applicants unable to afford adequate representation.

523 S.W.2d 930, 939 (Tenn. 1975). What constitutes an "artful" or a "competently drawn" petition necessarily requires a subjective analysis. In recognition of the vagaries incident to such analysis, this court traditionally chose to err on the side of adequate due process. In Swanson v. State, our supreme court confirmed the liberal nature of our prior act:

> [A] petition stating a colorable claim for relief or demonstrating an unwaived or undetermined ground for relief is to be considered on its merits. Technical grounds for dismissal are clearly disfavored for such petitions.
>
> This [c]ourt has previously held that a pro se petition under the Act is "held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief." Furthermore, when a colorable claim is presented in a pro se petition, dismissal without appointment of counsel to draft a competent petition is rarely proper. If the availability of relief cannot be conclusively determined from a pro se petition and the accompanying records, the petitioner must be given the aid of counsel.

749 S.W.2d 731, 734 (Tenn. 1988) (citations omitted).

The pleadings offered by the petitioner in this case could have been more competently drafted by able counsel. Certainly, the assertion that trial counsel failed to adequately research, prepare, or

investigate, and failed to apply for permission to appeal to our supreme court[2] might require some elucidation. A general allegation of ineffective assistance of counsel covers a broad area and almost always requires both amendment and an evidentiary hearing; that allegation in a first petition for post-conviction relief, unless previously raised and determined, qualifies as a colorable claim. See, e.g., Lewis Bolerjack v. State, No. 02C01-9306-CC-00156 (Tenn. Crim. App., at Jackson, Oct. 26, 1994). In considering constitutional claims under our prior act, the discretionary authority of the trial court should generally favor providing both the appointment of counsel and the grant of an evidentiary hearing to the pro se petitioner. David Siboloski v. State, No. 03C01-9210-CR-00369 (Tenn. Crim. App., at Knoxville, June 3, 1993).

In our view, the petitioner should have the benefit of counsel, have the opportunity to further amend the petition, and be afforded an evidentiary hearing. Accordingly, the judgment of the trial court is reversed; the cause is remanded for further proceedings.

_____
GARY R. WADE, PRESIDING JUDGE

---

[2]The former statutory reference for a delayed appeal was Tennessee Code Annotated section 40-30-120 (repealed 1995).