IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs August 3, 2010

## MIKO BURL v. JAMES FORTNER, WARDEN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-01971-73    W. Otis Higgs, Jr., Judge**

---

**No. W2009-02282-CCA-R3-HC  - Filed November 18, 2010**

---

The *pro se* petitioner, Miko Burl, appeals the summary dismissal of his petition for writ of habeas corpus relief.  On February 7, 2000, the petitioner was convicted of especially aggravated robbery, aggravated assault, and aggravated burglary, for which he was sentenced to thirty-three years in the Department of Correction.  On appeal, he argues that his conviction for especially aggravated robbery is void because this court vacated his conviction for aggravated assault on direct appeal.  After careful review, we conclude that the summary dismissal of the petition was proper, and we affirm the judgment from the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and J.C. MCLIN, JJ., joined.

Miko Burl, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; William L. Gibbons, District Attorney General; and Nicole C. Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The facts underlying the conviction were summarized by this court on direct appeal at *State v. Miko T. Burl*, No. W2000-02074-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 79, at **2-3 (Tenn. Crim. App. Jan. 28, 2002). On September 22, 1998, the eighty-six-year-old victim and her daughter-in-law were at the victim's home in Memphis.  The victim heard someone at the door. Thinking it was her son, she got up to let him in. When she answered the door, she was met by the petitioner, who held a gun in her face and demanded money.

The victim grabbed the gun, and began to "tussle all over the floor" with the petitioner. The petitioner threw the victim against a heater, breaking her ribs. He then took $230 from a pocket of the victim's clothing and fled the home. During the robbery, the petitioner dropped a pager. Based upon this fact, the petitioner became a suspect. During the investigation, two photo lineups were shown to the victim and her daughter-in-law, and both positively identified the petitioner as the robber.

The petitioner also filed for post-conviction relief, which was denied by both the trial court and this court on appeal. *See Miko T. Burl v. State*, No. W2004-00327-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 1139 (Tenn. Crim. App. at Jackson, Dec. 23, 2004) and *Miko T. Burl v. State*, No. W2005-01640-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 905 (Tenn. Crim. App. at Jackson, Nov. 17, 2006).

Analysis

On appeal, the petitioner argues that his conviction for especially aggravated robbery is void because his conviction for aggravated assault was vacated on direct appeal. Specifically, he contends that his conviction for aggravated assault served as an acquittal of the charge of especially aggravated robbery because aggravated assault is a lesser included offense of especially aggravated robbery.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a petitioner; or (2) a petitioner's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Here, the petitioner contends that he should have been acquitted of the especially aggravated robbery conviction when the jury found him guilty of aggravated assault. The State argues that the petitioner was not convicted of aggravated assault as a lesser included offense of especially aggravated robbery because the offenses were charged in separate indictments and the jury convicted him of each offense separately. The record contains a transcript from the sentencing hearing in which the trial court calls the case number for each conviction, but the record does not contain the indictments. Therefore, the favorable ruling that the petitioner received on direct appeal, which vacated his conviction for aggravated assault, had no impact on his conviction for especially aggravated robbery. In fact, the opinion on direct appeal concludes that there was sufficient evidence presented to affirm the

petitioner's convictions for both especially aggravated robbery and aggravated burglary separate from the other vacated conviction. The petitioner has failed to show that the court was without jurisdiction to impose his sentence or that his sentence has expired; therefore, he is not entitled to habeas corpus relief.

Conclusion

Based on the foregoing and the record as a whole, we affirm the summary dismissal of the petition for writ of habeas corpus relief.


_____
JOHN EVERETT WILLIAMS, JUDGE