# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 14, 2013

## STEPHAN L. BEASLEY v. AVRIL CHAPMAN, WARDEN

**Appeal from the Circuit Court for Wayne County**
**No. 15337     Jim T. Hamilton, Judge**

_____

**No. M2013-01380-CCA-R3-HC - Filed February 6, 2014**

_____

Petitioner's third habeas corpus petition attacking his conviction for first degree murder, with a sentence of life without parole, was dismissed by the trial court without an evidentiary hearing. Petitioner argues on appeal that he is entitled to relief because (1) the trial court failed to require the State to make an appropriate election of offenses; (2) the indictment was erroneously amended; (3) Petitioner was never given notice of the offense he was charged with; and (4) a final ground that can only be accurately described by a direct quote from Petitioner's brief: "whether the unanimity of the verdict was decided upon imparcially [sic] due to multiple offenses that have never been recognized by the Grand Jury that has always been a Constitutional right of any citizen born in the United States that have alleged to have committed an offense." We affirm the judgment of the trial court pursuant to Rule of the Tennessee Court of Criminal Appeal 20.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Stephan L. Beasley, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The law in Tennessee is well settled that only a void judgment can afford habeas corpus relief in the nature of Petitioner's allegations.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 147, 164 (Tenn. 1993).

Petitioner's sentence of life imprisonment without parole, imposed by judgment entered November 23, 1994, has not expired. It does not appear on the face of the judgment or the record of the proceedings that the judgment is *void*. Habeas corpus relief can be granted only if the judgment is void, as opposed to a voidable judgment. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). "A voidable conviction or sentence is one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its validity." *Id*. The indictment was quoted in the opinion of Petitioner's appeal from dismissal of his first petition for habeas corpus relief. *Stephan Lajuan Beasley v. State of Tennessee*, No. E2005-00367-CCA-MR3-HC, 2005 WL 3533265 at *4 (Tenn. Crim. App. Dec. 27, 2005). Petitioner's claim of inadequate notice is without merit. The other claims, even if true, do not assert cognizable claims in a habeas corpus proceeding. That is, even if true, they would render the judgment possibly voidable, but never void.

Accordingly, the judgment of the trial court is affirmed pursuant to Rule of the Court of Criminal Appeals 20.

_____
THOMAS T. WOODALL, JUDGE