## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

JANUARY SESSION 2000

**FILED**

March 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **JAMES A. AYERS**<br>**also known as JAMES HARRIS,** | * | No. W1999-00612-CCA-R3-PC |
| | * | |
| **Appellant,** | * | |
| | * | SHELBY COUNTY |
| **vs.** | * | |
| | * | Hon. John P. Colton, Jr., Judge |
| **STATE OF TENNESSEE,** | * | |
| | * | (Post-Conviction) |
| **Appellee.** | * | |

For the Appellant:

**John E. Finklea**
Attorney for Appellant
99 North Third Street
Memphis, TN 38103

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**William L. Gibbons**
District Attorney General

**P. T. Hoover**
Asst. District Attorney General
Criminal Justice Complex, Suite 301
201 Poplar Avenue
Memphis, TN 38103

ORDER FILED: _____

AFFIRMED PURSUANT TO RULE 20

**David G. Hayes,** Judge

**ORDER**

The appellant, James A. Ayers also known as James Harris, appeals the order of the Shelby County Criminal Court summarily dismissing his petition for post-conviction relief. In this appeal, the appellant challenges the trial court's summary dismissal of his petition as being time-barred. Specifically, he argues that his claim was later arising under Burford and Sands.

Pursuant to Tenn. Ct. Crim. R. App. 20, we affirm the trial court's dismissal of the petition.

During the July 1997 term, a Shelby County Grand Jury returned an indictment against the appellant, charging him with burglary of a business. On September 3, 1997, the appellant entered a guilty plea to the lesser offense of criminal attempt to commit burglary and was sentenced to one year. No direct appeal was taken. On November 23, 1998, the appellant filed a petition for post-conviction relief alleging *inter alia*, that his plea was involuntarily entered based upon the ineffective assistance of counsel.[1] Specifically, the appellant contends that he agreed to plead guilty in exchange for a sentence of "time served." Relying on counsel's advice, the appellant maintains that he believed that he would be released from custody on the date his guilty plea was entered. He was not released from Tennessee custody until October 31, 1997.

The appellant's conviction became final more than one year before November 23, 1998. Thus, the petition filed that date was outside the applicable limitations period. See Tenn. Code Ann. § 40-30-202(a) (1997). Notwithstanding,

---

[1] The *pro se* petition also alleges (1) the Memphis Police Department, by conducting an illegal search of his person, violated his Fourth Amendment rights; (2) the Memphis Police Department denied the appellant's request to speak with an attorney violating his Fifth Amendment rights; (3) the appellant was denied a speedy trial; (4) that counsel was ineffective; and (5) that his plea was coerced and involuntary.

2

the appellant asserts that, under the authority of Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995) and Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992), his claim was "later arising" and thus, effectively tolled the statute of limitations. Indeed, he asserts that his claim did not arise until April 16, 1998,[2] at which time, he states, he first realized the ramifications of his "time served" guilty plea.[3]

This is not a situation in which due process precludes strict application of the one year statute of limitations. See Taylor v. State, 995 S.W.2d 78, 86 (Tenn. 1999) (citing Sands, 903 S.W.2d at 297; Burford, 845 S.W.2d at 204). As our supreme court explained in Sands, due process prohibits the strict application of the statute of limitations when the ground for relief, whether legal or factual, arises after the point at which the limitations period would normally have begun to run. Taylor, 995 S.W.2d at 87 (emphasis added). The appellant has failed to argue to this court why his claim did not arise until after the point at which the limitations period would normally have begun to run. Again, the appellant maintains that his plea is involuntary because he bargained for a sentence of "time served." According to the appellant's argument, he should have been released from custody on September 3, 1997. He was not released from custody until October 31, 1997. Obviously, his claim that his plea was involuntarily entered upon counsel's advice that he would be released on September 3, 1997, arose on September 3, when he was not released. We cannot discern any logical reason as to why this ground would not arise until April 16, 1998.

Accordingly, we find no due process deprivation on the facts of this case. The judgment of the trial court is affirmed pursuant to Tenn. Ct. Crim. R. App. 20.

---

[2]The appellant's brief indicates two dates on which the claim arose, April 16, 1998, and April 19, 1998.

[3]We note that the date of April 16, 1998, is unaccompanied by any explanation and, without such explanation, remains an arbitrary date selected by the appellant.

_____
DAVID G. HAYES, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
JOHN EVERETT WILLIAMS, Judge