IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 13, 2001

## JERRY ANDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Lake County**
**No. 00-CR-8071     Lee Moore, Judge**

---

**No. W2000-03141-CCA-R3-CO - Filed June 26, 2001**

---

Petitioner appeals the denial by the trial court of his writ of habeas corpus and writ of certiorari. Petitioner contended in his petition that he previously pled guilty in the Criminal Court of Madison County to the offenses of facilitation of first degree murder, conspiracy to commit especially aggravated robbery, and arson, and received an effective sentence of 60 years. He further contended that court did not have jurisdiction to try him as an adult; his rights to double jeopardy were violated as a result of his transfer to the Criminal Court; and he received ineffective assistance of trial counsel. On appeal, he claims the trial court erred in dismissing his petition without appointing counsel, without conducting a hearing, and by failing to make findings of fact and conclusions of law. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and CORNELIA A. CLARK, SP. J., joined.

Jerry Anderson, Tiptonville, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; and C. Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

### OPINION

### BACKGROUND

Petitioner, while a juvenile, was charged with first degree murder, conspiracy to commit especially aggravated robbery and arson. On July 10, 1996, the Juvenile Court of Madison County conducted a transfer hearing and transferred him to the Criminal Court of Madison County to be tried as an adult. On January 20, 1998, petitioner pled guilty to facilitating first degree murder, conspiracy to commit especially aggravated robbery, and arson, and received an effective sentence of 60 years.

He alleges in the present petition that on May 2, 2000, he filed a petition for post-conviction relief in the Criminal Court of Madison County, which petition was dismissed based upon the statute of limitations. Apparently, petitioner did not appeal the dismissal of his petition for post-conviction relief.

On October 5, 2000, he filed the instant petition seeking habeas corpus relief in the Criminal Court of Lake County, the county of his incarceration. In the alternative, petitioner sought a writ of certiorari relating to the actions of the Juvenile Court and Criminal Court of Madison County. Specifically, petitioner alleged that the Criminal Court of Madison County lacked jurisdiction to try him as an adult; his right against double jeopardy was violated by the transfer from Juvenile Court to Criminal Court; and he was deprived of the effective assistance of counsel. The trial court concluded that the petitioner's allegations did not merit habeas corpus or certiorari relief and dismissed the petition without a hearing or appointment of counsel.

We affirm the judgment of the trial court.


## HABEAS CORPUS

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A habeas corpus petition may be used only to contest void judgments which are facially invalid because (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Petitioner's primary contention is that the Criminal Court of Madison County lacked jurisdiction to try him as an adult since he had been put in jeopardy at the juvenile hearing. Thus, he claims his right against double jeopardy was violated. In order to secure habeas corpus relief, the lack of jurisdiction must appear upon the face of the judgment or in the record of the case in which the judgment was rendered. State v. Ritchie, 20 S.W.3d 624, 630-31 (Tenn. 2000). Regardless of whether habeas corpus is a proper method to attack the transfer from a juvenile court, petitioner in this case has failed to allege facts entitling him to relief.

Petitioner alleged that jeopardy attached in the juvenile hearing because the juvenile judge heard testimony from various witnesses concerning the facts of the charges. He, therefore, argues that the case was heard on its merits. In order to properly conduct a transfer hearing to ascertain probable cause, it is necessary for the juvenile judge to hear facts surrounding the charges. *See* Tenn. R. Juv. P. 24. There is no double jeopardy violation where the juvenile court judge hears testimony in order to determine probable cause to transfer the juvenile to criminal court. *See* Shanta Fonton McKay v. State of Tennessee, No. M2000-00016-CCA-R3-PC, 2000 WL 1606587, *3 (Tenn. Crim. App. filed October 27, 2000, at Nashville), *perm to app. denied* (Tenn. 2001); State of Tennessee

v. James Hyde, No. 02C01-9710-CC-00420, 1999 WL 460072 (Tenn. Crim. App. filed July 8, 1999, at Jackson), *perm. to app. denied* (Tenn. 1999).

Petitioner also contended in his petition that he was deprived of the effective assistance of counsel in the trial court. This claim was waived by the failure to timely file a petition seeking post-conviction relief. Habeas corpus is not the appropriate vehicle to challenge ineffective assistance of counsel. *See* Passarella v. State, 891 S.W.2d 619, 627-28 (Tenn. Crim. App. 1994).

Petitioner next argues the trial court erred in dismissing the petition without a hearing and without appointing counsel. We disagree. A petition for habeas corpus relief may be summarily dismissed if it is apparent from the petition that the petitioner would not be entitled to any relief. Tenn. Code Ann. § 29-21-109; Passarella, 891 S.W.2d at 627. Likewise, the court need not appoint counsel if, upon the face of the petition, there are no grounds for relief. *See* Earl Thomas Mitchell, Jr. v. Howard Carlton, Warden, No. 03C01-9704-CR-00125, 1998 WL 8505, at *2 (Tenn. Crim. App. filed January 12, 1998, at Knoxville).

In addition, petitioner argues the trial court erred by dismissing the petition without making findings of fact and conclusions of law pursuant to Tenn. Code Ann. § 40-30-206(f). Firstly, the trial court issued a two-page order in which it analyzed all claims for relief being sought by the petitioner and concluded as a matter of law that the petition should be dismissed. Secondly, Tenn. Code Ann. § 40-30-206(f)'s requirement to set forth conclusions of law only applies to petitions for post-conviction relief, not habeas corpus petitions.

## WRIT OF CERTIORARI

Petitioner finally contends the trial court erred in dismissing his request for certiorari review. In the petition he asked the Criminal Court of Lake County to review by certiorari the actions of the Juvenile Court and Criminal Court of Madison County relating to his transfer to be tried as an adult. The Criminal Court of Lake County does not have the authority to review by certiorari the actions of the Juvenile Court or Criminal Court of Madison County. *See generally* Tenn. Code Ann. § 27-8-101.

## CONCLUSION

Based upon a thorough review of the record, we affirm the judgment of the trial court.

 

 

_____
JOE G. RILEY, JUDGE