IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


EDDIE WILLIAMS, JR., PRO SE v. DAVID MILLS, WARDEN

Appeal from the Circuit Court for Lauderdale County
No. 5770   Joe H. Walker, III, Judge

———————

No. W2003-02352-CCA-R3-HC - Filed January 30, 2004

———————

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner appeals the trial court's denial of habeas corpus relief. The Petitioner fails to assert a cognizable ground for habeas corpus relief. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Eddie Williams, Jr., pro se.

Paul G. Summers, Attorney General & Reporter; Kathy Denise Aslinger, Assistant Attorney General, for the appellee, State of Tennessee.


**MEMORANDUM OPINION**


In 1988, Petitioner Williams was convicted of two counts of armed robbery and was sentenced, as a range II persistent offender, to two concurrent life sentences. *See State v. Eddie Williams*, No. 20, 1998WL138818, * 1 (Tenn. Crim. App. at Jackson, Dec. 28, 1998), *perm. to appeal denied*, (Tenn. Apr. 3, 1989). Petitioner subsequently filed two separate petitions seeking post-conviction relief; both of which were denied. *See Eddie Williams, Jr., v. State*, No. CCA-02C01-9501-CR-00016, 1995WL555047, *1 (Tenn. Crim. App. at Jackson, Sept. 20, 1995), *perm. to appeal denied,* (Tenn. Jan. 29, 1996); *Eddie Williams, Jr. v. State*, No. 02C01-9202-CR-00041,

1

1993 WL 209852, *1 (Tenn. Crim. App. at Jackson, Jun. 16, 1993), *perm. to app. denied,* (Tenn. Nov. 1, 1993).

On August 29, 2003, Petitioner filed, *pro se*, an application for issuance of the writ of habeas corpus in the Lauderdale County Circuit Court. As basis for the application, Petitioner contends that his "sentence has expired because [of the] unconstitutional sentence that relied upon convictions the petitioner's [sic] has never been convicted of that was used during sentencing. . . ." The trial court denied habeas corpus relief by order entered September 8, 2003, finding that the "Petitioner's sentence has not expired," and "The Criminal Court has jurisdiction or authority to sentence a defendant to life." Accordingly, the lower court concluded that "[h]abeas corpus relief is not appropriate." A notice of appeal document was filed on September 24, 2003.

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding. There is nothing in the record to indicate that the trial court was without jurisdiction to sentence Petitioner; nor is there anything to indicate that the Petitioner's sentences have expired. Thus, no grounds exist entitling Petitioner to habeas corpus relief. Petitioner alleges that the trial court improperly enhanced the sentence based upon non-existent prior offenses. This allegation merely renders the judgments voidable, not void. Moreover, neither the record before this Court nor the Petitioner's application contain the judgments of conviction being attacked. A trial court may summarily dismiss a habeas corpus petition for failure to attach the judgment forms. Tenn. Code. Ann. § 29-21-107.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
**DAVID G. HAYES, JUDGE**

2