IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


ANTHONY RAINER v. DAVID MILLS, WARDEN

Appeal from the Circuit Court for Lauderdale County
No. 5847    Joe H. Walker, III, Judge

---

No. W2004-01109-CCA-R3-HC  - Filed September 17, 2004

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner appeals the trial court's denial of habeas corpus relief.  The Petitioner fails to assert a cognizable ground for habeas corpus relief.  Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

Anthony Rainer, pro se.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General, for the appellee, State of  Tennessee.


**MEMORANDUM OPINION**


        In August 1999, Petitioner entered guilty pleas to three counts of aggravated assault, four counts of aggravated robbery, and one count of felony possession of a controlled substance with intent.  He was sentenced to an effective sentence of eleven years in the Department of Correction.  No direct appeal was taken.  On April 12, 2004, Petitioner sought habeas corpus relief, stating that the indictments are void based upon discrimination in the selection of the grand jury foreperson.  The trial court dismissed the application, finding that the application failed to state a ground upon which the writ of habeas corpus could issue.  The trial court further found that the application could not be treated as one for post-conviction relief.

1

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

Upon our review of the record in this case, we conclude that the trial court properly determined that the Petitioner's claims are not cognizable in a habeas corpus proceeding. There is nothing in the record to indicate that the trial court was without jurisdiction to sentence Petitioner; nor is there anything to indicate that the Petitioner's sentences have expired. Thus, no grounds exist entitling Petitioner to habeas corpus relief. Petitioner's challenge to the selection process for the foreperson of the grand jury can only be addressed in a petition for post-conviction relief. *See State v. Roy Laverne Morris, Jr.,* No. W1999-01628-CCA-R3-CO, 1999 WL 1531760, * 2 (Tenn. Crim. App. at Jackson, Dec. 16, 1999), *perm. to appeal denied*, (Tenn. Jul. 17, 2000).

Section 40-30-105(c) (2003 Repl.), Tennessee Code Annotated, instructs trial courts to treat habeas petitions as post-conviction petitions "when the relief and procedure authorized by [the Post-Conviction Procedure Act] appear adequate and appropriate." Considering the application as one for post-conviction relief, we conclude that such petition is barred as a petition for post-conviction relief as it was filed outside the applicable statute of limitations.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

**JOHN EVERETT WILLIAMS, JUDGE**

2