IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## SAMUEL L. GIDDENS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 13213     Robert Holloway, Judge**

---

**No. M2003-02827-CCA-R3-HC - Filed November 15, 2004**

---

The Defendant, Samuel L. Giddens, appeals from the trial court's denial of his petition seeking habeas corpus relief. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Samuel L. Giddens, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; and Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Defendant, Samuel L. Giddens, was convicted, upon a jury verdict, of facilitation of possession of heroin with the intent to sell or deliver, and possession of cocaine with the intent to sell or deliver. His conviction was affirmed on appeal. See State v. Samuel L. Giddens, No. M2002-00163-CCA-R3-CD, 2003 WL 1787289, at (Tenn. Crim. App., Nashville, April 4, 2003).

The Defendant subsequently filed a "Petition for State Writ of Habeas Corpus" in which he alleged that his sentence was void and illegal due to "fraud by a court officer to obtain a conviction against [him]." More specifically, the Defendant asserts that "someone else was indicted for the crime that he stood accused of, rather than obtain a new indictment as the Constitution requires, an unknown court officer simply whited out the other gentlemans name, and replaced the petitioner's name in pen." The State filed a motion to dismiss the petition, asserting that it did not establish that the Defendant's judgment of conviction was void nor had his sentence expired. The trial court

granted the State's motion and entered an order dismissing the petition. It is from this order that the Defendant appeals.

Article 1, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tenn. Code Ann. §§ 29-21-201 *et seq.* codifies the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The Defendant essentially contends that he is entitled to habeas corpus relief because the indictment charging him is defective. We first note that defenses or objections based on defects in the indictment must generally be raised prior to trial. See Tenn. R. Crim. P. 12 (b)(2). We also note that in this case the indictments which are contained in the record are valid on their face. There is nothing on the face of the judgment or the record of the proceedings upon which the judgment is rendered which establishes that the trial court was without jurisdiction or authority to sentence the Defendant. This court concludes that the petition for habeas corpus relief was properly dismissed.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE