# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## TARUS A. SIRCY v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3540     Monte Watkins, Judge**

---

**No. M2004-02482-CCA-R3-HC - Filed January 12, 2005**

---

The Defendant, Tarus A. Sircy, appeals from the trial court's denial of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Tarus A. Sircy, Nashville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General and Reporter; Victor S. Johnson, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Based upon our review of the record on appeal, it appears that the Defendant, Tarus A. Sircy, pleaded guilty to and was convicted of three counts of burglary of an automobile on January 31, 2002. Pursuant to his plea agreement, he received three consecutive two-year sentences, for an effective sentence of six years. In accordance with his plea agreement, after receiving credit for pre-trial confinement and serving some additional time in jail, the balance of his six-year sentence was to be served on probation.

According to the Defendant's petition, his probation was revoked following his arrest for DUI and he was ordered to serve the balance of his sentences in confinement. The Defendant then filed a petition for habeas corpus relief, alleging that his consecutive sentences were the result of ineffective assistance of counsel, that the trial court erred in ordering consecutive sentences and that

the sentences violated his right to due process of law. The trial court determined that, even if true, the allegations contained in the petition did not entitle the Defendant to habeas corpus relief. The trial court thus entered an order denying the petition. It is from this order that the Defendant appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and our statutes codify the applicable procedures for seeking a writ. Tenn. Code Ann. §§ 29-21-201 *et seq.* However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence the defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The essence of the Defendant's claim is that he should not have received consecutive sentences for his three convictions for burglaries of automobiles. He argues that the trial court erred and acted contrary to law in sentencing him to consecutive sentences. We note that the Defendant's sentences were ordered in accordance with his plea agreement. The sentences were authorized by law and are not illegal. The judgments of conviction contained in the record are valid on their face. There is nothing on the face of the judgments or the proceedings on which the judgments are rendered which establishes that the trial court was without jurisdiction or authority to sentence the Defendant. The Defendant's sentences have not expired. This Court concludes that the petition for habeas corpus relief was properly dismissed.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE