# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JEREMY S. CROSBY v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Hickman County
### No.   04-5124C    Russ Heldman, Judge

───────────────

### No. M2005-00153-CCA-R3-HC - Filed May 25, 2005

───────────────

The Defendant, Jeremy S. Crosby, appeals from the trial court's dismissal of his petition seeking habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The State's motion is granted.  The judgment of the trial court is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jeremy S. Crosby, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and Ron Davis, Franklin, Tennessee, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

According to the petition for writ of habeas corpus contained in the record, the Defendant, Jeremy S. Crosby, was convicted, upon his pleas of guilty, of two counts of the sale of cocaine over 0.5 grams.  The petition alleges that he was sentenced to eight years and six months for each conviction to be served as a standard, Range I offender in the Department of Correction.

The gravamen of the Defendant's petition is that the judgments of conviction entered against him are void because his sentences are illegal.  He argues that his sentences violate Tennessee Code Annotated section 40-35-211(1) which provides in pertinent part, "Specific sentences for a felony shall be for a term of years <u>or</u> months <u>or</u> life, if the defendant is sentenced to the Department of Correction . . . ."  Because the statute only authorizes felony sentences in the Department of Correction for terms of years <u>or</u> months, he argues that his sentences, which are expressed in terms of years <u>and</u> months, are illegal and void.

The State moved the trial court to dismiss the habeas corpus petition because (1) the Defendant failed to comply with the mandatory requirements of the habeas corpus statutes set forth in Tennessee Code Annotated section 29-21-107, and (2) the petition failed to state a colorable claim for habeas corpus relief. The Defendant subsequently filed an affidavit in which he attempted to bring his petition into compliance with Tennessee Code Annotated section 29-21-107. Thereafter, the trial court entered an order granting the State's motion to dismiss, finding the motion to be "well taken." It is from this order of dismissal that the Defendant appeals. The State has moved this Court to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-201 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The State first argues that the judgment of the trial court should be affirmed because the Defendant failed to comply with the mandatory requirements of our habeas corpus statutes. See Tenn. Code Ann. § 29-21-107. Our Supreme Court has recently confirmed that the procedural requirements are mandatory and must be followed scrupulously. See Hickman v. State, 153 S.W. 3d 16, 21 (Tenn. 2004). A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. Id.

Although we do not imply that the trial court erred by dismissing the petition based upon the procedural defects, we affirm the judgment of the trial court because there is nothing in the record to indicate that the convictions addressed therein are void. We conclude that the sentences for the Defendant's convictions are authorized by law whether the sentences are stated as (1) eight and one-half years, (2) eight years and six months, or (3) one hundred and two months. The petition does not set forth a colorable claim and the Defendant is not entitled to habeas corpus relief based upon the allegations contained in the petition.

We agree that the trial court did not err by dismissing the petition for habeas corpus relief without a hearing. The judgment in this case was in a proceeding before the trial court without a jury, the judgment is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court that the petition should be dismissed. Accordingly, the State's motion is

-2-

granted.  The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE