# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CLYDE T. SMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 98-B-1383     J. Randall Wyatt, Jr., Judge**

---

**No. M2003-02146-CCA-R3-HC - Filed July 21, 2005**

---

The Defendant, Clyde T. Smith, appeals from the trial court's dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the appellant, Clyde T. Smith.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On March 3, 2000, the Defendant was convicted, upon his plea of guilty, of the sale of less than .5 grams of cocaine. He was sentenced as a Range III offender to serve twelve years on community corrections. His community corrections sentence was revoked on January 24, 2002, and he is currently serving his sentence in the Department of Correction.

On June 19, 2003, the Defendant filed a petition for habeas corpus relief. The gravamen of the Defendant's petition is that his plea of guilty was not voluntary or knowing and that he was denied the effective assistance of counsel. He asserts that his guilty plea was coerced and that his sentence is illegal because "it should have been for less than 12 years."

The trial court summarily dismissed the petition, finding that the allegations were appropriate to be considered in a post-conviction petition, but noted that the petition was barred by the statute of limitations. It is from the order of dismissal that the Defendant appeals. The State has moved this court to affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-201 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

As noted by the trial court, the allegations in the petition do not demonstrate that the Defendant's conviction is void or that this sentence has expired. Although the Defendant asserted that his sentence was illegal, there is nothing in the record that suggests that the Defendant's sentence was not authorized by law. The grounds asserted in the petition are not cognizable in a habeas corpus proceeding and the trial court did not err by summarily denying relief.

The trial court also properly held that the petition, if treated as one for post-conviction relief, was barred under the applicable one-year statute of limitations. See Tenn. Code Ann. § 40-30-102.

The State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE