# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### BILLY MERLE MEEKS v. RICKY J. BELL, WARDEN

**Direct Appeal from the Circuit Court for Davidson County**
**No. 04C-3157     Thomas W. Brothers, Judge**

_____

**No. M2005-00626-CCA-R3-HC - Filed December 22, 2005**

_____

In 1990, Appellant, Billy Merle Meeks, was convicted, following a jury trial, of aggravated kidnapping, especially aggravated robbery, especially aggravated burglary, and extortion. He received an effective sentence of thirty-nine (39) years. On October 29, 2004, he filed a petition for writ of habeas corpus in the Circuit Court of Davidson County. A "Motion to Dismiss" was filed by Respondent on November 29, 2004, and the trial court entered an order summarily dismissing the petition on March 10, 2005. Appellant has appealed from the trial court's dismissal of the petition. The State has filed a motion for this Court to affirm the dismissal pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Finding merit in the motion, we grant same and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Billy Merle Meeks, Nashville, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and Victor S. (Torry) Johnson III, District Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

Appellant's petition for habeas corpus relief alleges the five (5) following specific grounds for relief:

1.)     Petitioner has been sentenced by a Trial Court that was without the authority to impose the illegal sentence in violation of Article 1, § 6, of the Constitution of Tennessee and the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment. Therefore, Petitioner is being unlawfully restrained of his

liberty by the Respondent and the State of Tennessee. Petitioner's convictions are VOID, his sentences are illegal.

2.)    The Criminal Sentencing Reform Act of 1989, Tennessee Code Annotated (TCA) §§ 40-35-101, thru 40-35-504, is unconstitutional and in violation of both the the [sic] United States Constitution Fifth, Sixth and Fourteenth Amendments and Article 1, §§ 6, 9, & 15 of the Tennessee State Constitution and the Act was unconstitutionally applied to the Defendant in this case.

3.)    The Trial Court exceeded its authority and jurisdiction by imposing enhanced sentences pursuant to T.C.A. §§ 40-35-101, thru 40-35-504, in connection with all counts of the indictments when the enhancement factor of *"serious bodily injury,"* a necessary element of each charged offense, had been included in the indictments, but had not been proven to a jury beyond a reasonable doubt or admitted by Danny Ray Meeks [sic] but rather was determined by virtue of the Trial Judge's personal opinion in violation of Petitioner's Sixth Amendment jury trial rights and *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970).

4.)    The Trial Court exceeded its authority and jurisdiction by imposing an enhanced sentences [sic] pursuant to T.C.A.. §§ 40-35-101, thru 40-35-504, in connection with all counts of the indictments when the enhancement factors had not been included in the indictments, had not been proven to a jury beyond a reasonable doubt and had not been admitted by Billy M. Meeks, in violation of his Sixth Amendment jury trial rights and *Blakely v. Washington*, 524 ____ U.S. ____, S.Ct. 2531 June 24, 2004).

5.)    The Constitution of Tennessee Article 1, § 15, and T.C.A. § 29-21-101, et seq. does not restrict habeas corpus review to jurisdictional issues and expiration of sentences as the sole grounds for relief. Judges in Tennessee erroneously rely upon the well settled (Judge-Made Law) law that habeas corpus relief is available only if the convicting court was without jurisdiction or authority to impose the sentence or the sentence has expired.

Considering the first four allegations of grounds for relief, the petition generally alleges that his convictions are void because he was sentenced by a judge rather than by a jury, and his sentences were enhanced by a judge rather than a jury, in violation of his constitutional rights under both the federal and state constitutions for a trial by jury. The judgments reflect that the offenses for which Appellant was convicted occurred on November 26, 1989, after the effective date of the Criminal Sentencing Reform Act of 1989. Our supreme court recently held in *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), that Tennessee's criminal sentencing statutes do not violate the Sixth Amendment as interpreted by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The fifth allegation as a ground for relief is essentially an argument of law, which is

contrary to well-established case law in Tennessee. *See Taylor v. State*, 995 S.W.2d 78 (Tenn. 1999); *Archer v. State*, 851 S.W.2d 157 (Tenn. 1993).

Article I, § 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tenn. Code Ann. §§ 29-21-101 *et seq.* codifies the applicable procedures for seeking a writ. While there is no statutory time limit in which to file for habeas corpus relief, Tennessee law provides very narrow grounds upon which such relief may be granted. *Taylor*, 995 S.W.2d at 83. A habeas corpus petition may be used only (1) to contest void judgments which are facially invalid because the convicting court was without jurisdiction or authority to sentence a defendant; or (2) if a petitioner's sentence has expired. *Archer*, 851 S.W.2d at 164.

It is permissible for the trial court to summarily dismiss a petition for writ of habeas corpus without an evidentiary hearing, and without the appointment of an attorney for petitioner, if there is nothing on the face of the judgments to indicate that the convictions therein are void. *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

There is nothing on the face of the judgments or the record which shows that the convicting court was without jurisdiction to convict or sentence Appellant; likewise, the record is clear that the term of imprisonment has not yet expired. Accordingly, Appellant is not entitled to relief in this appeal.

## CONCLUSION

The judgment rendered by the trial court in this case, dismissing the petition for writ of habeas corpus, was in a proceeding before the trial judge without a jury, and was not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. Furthermore, no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
THOMAS T. WOODALL, JUDGE