# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## RONNIE JACKSON, JR. v. RICKY J. BELL, WARDEN, and STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 3460     Seth Norman, Judge**

---

**No. M2005-01350-CCA-R3-HC - Filed January 17, 2006**

---

The Petitioner, Ronnie Jackson, Jr., appeals from the trial court's denial of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Ronnie Jackson, Jr., Petros, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General and Reporter; Victor S. Johnson, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

It appears from the record on appeal that on September 21, 2001, the Petitioner, Ronnie Jackson, Jr., pleaded guilty to and was convicted of one count of attempted first degree murder, two counts of aggravated robbery and one count of attempted aggravated robbery. These guilty pleas and convictions were entered in the Criminal Court of Shelby County, Tennessee. Pursuant to his plea agreement, he received a sentence of thirteen and one-half years for the attempted first degree murder. For the remaining convictions, he received concurrent sentences of twelve years, eight years and three years.

On March 24, 2005, apparently while incarcerated in Davidson County, Tennessee, the Petitioner filed a petition seeking habeas corpus relief. Without conducting an evidentiary hearing, the trial court issued an order denying the petition.

In his petition, the Petitioner asserted that his guilty pleas were involuntary and illegal. He alleged that because a superseded indictment had been issued, and because the victim of both the attempted murder and one of the robberies was the same person, his convictions violate his protection from double jeopardy. He also alleges that his sentence for attempted first-degree murder is illegal and void because he should not have been sentenced as an especially mitigated offender. The trial court determined that the allegations contained in the petition did not entitle the Petitioner to habeas corpus relief. The trial court thus entered an order denying the petition. It is from this order that the Petitioner appeals.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and our statutes codify the applicable procedures for seeking a writ. Tenn. Code Ann. §§ 29-21-201 *et seq.* However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence the defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

The essence of the Petitioner's claim is that his guilty pleas were not entered knowingly and voluntarily, that his especially mitigated offender sentence for attempted murder is illegal and that his convictions based upon superseded indictments are void. He also argues that because his conviction for attempted first degree murder and aggravated robbery involved only one victim, his convictions violate his double jeopardy protections. We first note that the Petitioner's first degree murder sentence was ordered in accordance with his plea agreement. The sentence was authorized by law and is not illegal. The judgments of conviction contained in the record are valid on their face. There is nothing on the face of the judgment or the proceedings on which the judgments are rendered which establishes that the trial court was without jurisdiction or authority to sentence the Petitioner. The Petitioner's sentences have not expired. This court concludes that the petition for habeas corpus relief was properly denied.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE