# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## CHARLES DEWAYNE MOORE v. KENNETH W. LOCKE, WARDEN and STATE OF TENNESSEE

### Appeal from the Criminal Court for Davidson County
### No. 3657     J. Randall Wyatt, Jr., Judge

---

### No. M2005-01866-CCA-R3-HC - Filed February 2, 2006

---

The Petitioner, Charles Dewayne Moore, appeals from the trial court's summary dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Charles Dewayne Moore, Pro Se.

Paul G. Summers, Attorney General and Reporter Rachel E. Willis, Assistant Attorney General; Victor S. Johnson, District Attorney General; and Lisa Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

It appears from the record on appeal that on March 16, 2005, in the Criminal Court of Roane County, the Petitioner, Charles Dewayne Moore, was convicted of voluntary manslaughter and was sentenced to a term of twelve years.

On June 3, 2005, apparently while incarcerated in Davidson County, the Petitioner filed a petition seeking habeas corpus relief. Without conducting an evidentiary hearing, the trial court issued an order dismissing the petition. The order of dismissal states that the petitions was dismissed because it did not contain a copy of the Petitioner's judgment of conviction, nor did it contain a satisfactory reason for its absence. See Tenn. Code Ann. § 29-21-107(b)(2).

The petition alleges that the twelve-year sentence as a Range III persistent offender is an illegal sentence because the Petitioner did not have the requisite number of prior convictions to qualify as a persistent offender. Although not asserted in the petition filed in the trial court, the Petitioner on appeal also argues that his conviction and sentence violate his protection against double jeopardy, that he received the ineffective assistance of counsel and that his guilty plea which led to his conviction was not knowingly and voluntarily entered. He also argues that his due process rights were violated.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and our statutes codify the applicable procedures for seeking a writ. Tenn. Code Ann. §§ 29-21-201 *et seq.* However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence the defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In addition, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W. 3d 16, 20-21 (Tenn. 2004). One of these requirements is that if the Petitioner is being restrained by legal process, "a copy thereof shall be annexed, or a satisfactory reason given for its absence." Tenn. Code Ann. § 29-21-107(b)(2). In this case, the Petitioner did not attach to his petition a copy of his judgment of conviction sentencing him to the Department of Correction. A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. See Hickman, 153 S.W. 3d at 21. This failure alone was sufficient reason for the trial court to summarily dismiss the petition seeking habeas corpus relief.

In addition, the petition does not demonstrate or allege that the convicting court was without jurisdiction to convict or sentence the Petitioner or that his sentence has expired. The sentence which the Petitioner received is authorized by law for his crime and thus is not an illegal sentence. Furthermore, this Court will not consider on appeal issues which were not first raised in the trial court.

We acknowledge that a petition for habeas corpus relief may be treated as a petition for post-conviction relief. See Tenn. Code Ann. § 40-30-105(c). However, a post-conviction proceeding must be commenced in the court in which the conviction occurred. The Petitioner's conviction occurred in Roane County, and this petition was filed in Davidson County.

For the reasons stated herein, this Court concludes that the petition for habeas corpus relief was properly dismissed. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE