# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JERRY ANDERSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Wayne County**
**No. 3947      Robert Holloway, Judge**

—————————

### No. M2006-01045-CCA-R3-HC - Filed October 10, 2006

—————————

The Petitioner, Jerry Anderson, appeals from the order of the trial court dismissing his petition for habeas corpus relief. The State has filed a motion requesting that this court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Jerry Anderson, Clifton, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; C. Daniel Lins, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

This Court has previously summarized the procedural background leading to the Petitioner's convictions as follows:

> Petitioner, while a juvenile, was charged with first degree murder, conspiracy to commit especially aggravated robbery and arson. On July 10, 1996, the Juvenile Court of Madison County conducted a transfer hearing and transferred him to the Criminal Court of Madison County to be tried as an adult. On January 20, 1998, Petitioner pled guilty to facilitating first degree murder, conspiracy to commit especially aggravated robbery, and arson, and received an effective sentence of sixty years.

Jerry Anderson v. State, No. W2000-03141-CCA-R3-CO, 2001 WL 721074 at * 1 (Tenn. Crim. App., at Jackson, June 26, 2001).

On February 13, 2006, the Petitioner filed what appears to be at least his third petition seeking habeas corpus relief. See id.; see also Jerry Anderson v. Tony Parker, Warden, No. W2004-01516-CCA-R3-HC, 2004 WL 2848374 (Tenn. Crim. App., at Jackson, Feb. 28, 2005).

The Petitioner alleges in his present petition that his sentence was illegally enhanced because the State did not properly file a notice to seek an enhanced punishment, that his sentence is excessive even though it falls within the limits set by law, that his sentence violates the Criminal Sentencing Reform Act of 1989 because it is too lengthy, that his conviction was based on illegally obtained evidence and that the Petitioner was not properly transferred from juvenile court to be charged as an adult.

Upon motion of the State, the trial court dismissed the petition for habeas corpus relief, concluding that the Petitioner failed to state a colorable claim for habeas corpus relief and failed to satisfy the mandatory requirements of the habeas corpus statute. See Tenn. Code Ann. § 29-21-107.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and Tennessee Code Annotated sections 29-21-101 et seq. codify the applicable procedures for seeking a writ. However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence a defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Thus, the grounds upon which habeas corpus relief will be granted are very narrow. State v. Ritchie, 20 S.W.3d 624, 630 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

We first note that the State is correct in its contention that the Petitioner failed to comply with the mandatory requirements of Tennessee Code Annotated section 29-21-107. This is obviously not the Petitioner's first application for a writ of habeas corpus, yet the Petitioner did not attach a copy of the prior petitions and proceedings thereon or give satisfactory reasons for failing to do so. See Tenn. Code Ann. § 29-21-107(b)(4). The procedural requirements are mandatory and must be followed scruptiously. See Hickman v. State, 153 S.W. 3d 16, 21 (Tenn. 2004). A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements. Id.

Although the Petitioner alleges in general terms that his sentence is "illegal", his factual assertions, even if true, do not demonstrate that his sentence is not authorized by law. In the previous appeals from the denial of habeas corpus (heretofore referenced in this opinion), the Petitioner has argued that his juvenile transfer proceeding was flawed, that he was denied the effective assistance of counsel and that illegal sentences rendered his convictions void. In the prior appeals, this Court determined that these claims did not merit the Petitioner habeas corpus relief. We again conclude that the issues raised by the Petitioner in his present petition do not state a colorable claim for habeas corpus relief. Therefore the trial court did not err in dismissing the present petition.

The Petitioner's judgments of conviction are valid upon their face. His sentence of confinement has not expired. Because the petition, along with the attachments, failed to state a cognizable claim for habeas corpus relief and failed to comply with the procedural requirements of our law, we conclude that the trial court properly dismissed the petition without a hearing and without appointing counsel. Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____
DAVID H. WELLES, JUDGE