# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JIMMY HEARD v. JAMES FORTNER, Warden and
## STATE OF TENNESSEE

**Appeal from the Circuit Court for Hickman County**
**No. 09-5018C     James G. Martin, III, Judge**

---

**No. M2009-00899-CCA-R3-HC - Filed August 12, 2009**

---

The Petitioner, Jimmy Heard, appeals from the trial court's dismissal of his petition seeking habeas corpus relief. The State has filed a motion requesting that this court affirm the habeas corpus court's dismissal of the petition pursuant to Rule 20, Rules of the Court of Criminal Appeals. The State's motion is granted. The judgment of the habeas corpus court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Tenn. Ct. Crim. App. R.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Jimmy Heard, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin Ball, Assistant Attorney General;, for the appellee, State of Tennessee.

## OPINION

We will first briefly set forth the procedural background as it relates to the appeal herein. Following a jury trial, the Petitioner was convicted of criminal conspiracy to commit aggravated robbery, aggravated robbery, attempted second degree murder, and two counts of felony evading arrest. The trial court granted the Petitioner's motion for a new trial as to the attempted second degree murder conviction but denied the motion for new trial as to the remaining convictions. This court subsequently granted the State's application for a Rule 10 extraordinary appeal from the trial court's grant of a new trial on the attempted second degree murder conviction. This court affirmed the order of the trial court granting the Petitioner a new trial as to the attempted second degree murder conviction. See State v. Jimmy Heard, No. M2007-01805-CCA-R3-CD, 2009 WL 723527 (Tenn. Crim. App., Nashville, March 18, 2009).

During the pendency of the above extraordinary appeal, the Petitioner filed a petition seeking habeas corpus relief in the Circuit Court of Hickman County. In this petition, the Petitioner apparently asserted that his convictions were void because the trial court should have granted him a new trial on all counts upon which he was convicted, rather than just on the conviction for attempted second degree murder. Although the Petitioner raised numerous allegations in his petition, he appeared to argue that because the trial court granted him relief on one of his convictions, this rendered all of his convictions void.

Article 1, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief and our statutes codify the applicable procedures for seeking a writ. Tenn. Code Ann. §§ 29-21-201 *et seq.* However, the grounds upon which our law provides relief are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is available in Tennessee only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that (1) the convicting court was without jurisdiction or authority to sentence the defendant; or (2) the defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). It is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

After reviewing the petitions and the briefs filed in this court, we are unable to determine precisely what it is that the Petitioner is asserting that might render his remaining convictions void. The State argues that, if the allegations concerning improper jury instructions have any merit at all, the allegations would render the convictions voidable rather than void. Based on our review, the Petitioner's complaint does appear to center around erroneous jury instructions which were not applicable to the Petitioner's convictions for criminal conspiracy to commit aggravated robbery, aggravated robbery, and two counts of felony evading arrest. In any event, it is our view that the erroneous jury instructions, if applicable to the remaining convictions, would not render the convictions void.

Based upon our review of the record on appeal, we are unable to conclude that the habeas corpus court erred by dismissing the petition seeking habeas corpus relief. Accordingly, the State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
DAVID H. WELLES, JUDGE