IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 24, 2015 Session


JOSHUA D. KRUSE v. STATE OF TENNESSEE
DONALD WAYNE BOWMAN v. STATE OF TENNESSEE

Appeal from the Circuit Court for Blount County
Nos. C20362 & No. C21562    Tammy M. Harrington, Judge

_____

No. E2014-01141-CCA-R3-HC
No. E2014-01139-CCA-R3-HC
FILED-AUGUST 20, 2015

_____


The petitioners, Joshua David Kruse and Donald Wayne Bowman, appeal the denial of their petitions for the writ of habeas corpus. They argue that the habeas corpus court erred in dismissing their petitions because their sentences of confinement have expired. After thoroughly reviewing the briefs of the parties, the record, and the applicable law, we conclude that the petitioners' sentences have not expired, and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Mack Garner, District Public Defender, and George H. Waters, Assistant District Public Defender, Maryville, Tennessee, for the Appellants, Joshua David Kruse and Donald Wayne Bowman.

Herbert H. Slatery III, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Mike Flynn, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the Appellee, State of Tennessee.


**OPINION**

# FACTS AND PROCEDURAL HISTORY

## A. Petitioner Kruse[1]

On December 2, 2011, Petitioner Kruse was prosecuted by information for theft of property of $1,000 or more, a Class D felony. He pled guilty, was placed on two years of supervised probation, and further proceedings were deferred pursuant to Tennessee Code Annotated section 40-35-313(a)(1)(A).

On June 13, 2012, the first of Petitioner Kruse's three probation violations was reported. On January 11, 2013, after Petitioner Kruse waived his right to a hearing and stipulated to the facts contained in the violation report, the trial court found that he was in violation of the terms of his probation. The trial court revoked probation, entered a judgment of conviction, and ordered him to serve a split confinement sentence of twenty-four days in jail with the remainder of his sentence to be served on supervised probation.

On May 6, 2013, a second probation violation was reported. Petitioner Kruse waived his right to a hearing and stipulated to the facts contained in the violation report. The trial court again found that Petitioner Kruse had violated his probation, and the court revoked probation. The trial court ordered a split confinement sentence of ninety days in jail and a return to supervised probation for the balance of the sentence. At that time, the trial court also issued a nunc pro tunc order effective January 11, 2013, revoking Petitioner Kruse's judicial diversion.[2]

On December 4, 2013, a third probation violation was reported. Petitioner Kruse waived his right to a hearing and stipulated to the facts contained in the report. The trial court found that he was in violation of the terms of his probation and ordered that he serve 120 days in jail and a transfer to Community Corrections for the remainder of the sentence.

On March 24, 2014, a warrant for violation of Community Corrections was issued. Petitioner Kruse waived his right to a hearing, and the trial court found that he had violated the terms of his Community Corrections. The trial court revoked his Community Corrections and ordered Petitioner Kruse "to serve the sentence as previously ordered." The order stated that he was entitled to 234 days of jail credit based on the time served for his prior revocations and eleven days for his time served on Community Corrections.

---

[1] The habeas corpus court consolidated both petitions for the hearing, and we will do the same for this appeal.

[2] Entry of the judgment of conviction on June 11, 2013, terminated the deferral of further proceedings. The nunc pro tunc order was not needed.

## B. Petitioner Bowman

On January 24, 2013, Petitioner Bowman was prosecuted by information and pled guilty to one count of violation of the sex offender registry, a Class E felony, and one count of domestic assault, a Class A misdemeanor. He was sentenced as a Range I offender and received a two-year sentence for the violation of the sex offender registry conviction and an eleven month and twenty-nine day sentence for the domestic assault conviction, both to be served concurrently. The trial court ordered a sentence of split confinement, with ninety days to be served in jail and the remainder of the sentence to be served on supervised probation.

After serving ninety days, Petitioner Bowman was released from jail. On April 16, 2013, a probation violation report was filed because Petitioner Bowman failed to report to his probation officer within 48 hours of his release from jail. On May 20, 2013, the trial court dismissed the violation warrant.

On December 23, 2013, a second probation violation report was filed. Petitioner Bowman waived his right to a hearing and stipulated to the facts contained in the report. The trial court found that he was in violation of his probation. The trial court revoked his probation and ordered him to serve a sentence of split confinement, with eighty days in jail and the balance of his sentence on Community Corrections.

On April 4, 2014, a Community Corrections violation report was filed. Petitioner Bowman waived his right to a hearing and stipulated to the facts contained in the report. The trial court found that the petitioner had materially violated the terms of his Community Corrections. The trial court revoked his Community Corrections and ordered him "to serve the sentence as previously ordered." The trial court awarded Petitioner Bowman 250 total days of jail credit based on his prior periods of incarceration and his time on Community Corrections.

## C. Habeas Corpus Petitions

On June 4, 2014, both petitioners filed petitions for the writ of habeas corpus. They argued that Tennessee Code Annotated section 40-35-501(a)(3) provided for the determinate release of a defendant serving a felony sentence of two years or less once the release eligibility date was reached. Because they received two-year sentences with a release eligibility date of 30%, they would reach their release eligibility dates after serving 219 days. They contended that because they had accrued more than 219 days in jail that they were entitled to an immediate release.

The habeas corpus court held a hearing on the petition. The State agreed that the petitioners were eligible for determinate release but argued that certain administrative procedures must be met before the release was effected. The State noted that the statute

3

provided that the petitioners could not be released until at least ten days after the Tennessee Department of Correction received the judgment and ten days after the department notified the sheriff and the District Attorney, for a total of twenty days. The State also observed that the court clerk had thirty days to forward judgments to the Department of Correction, which then triggered the twenty-day period. The State argued that there was a total of a fifty-day period that must elapse before a petitioner was entitled to determinate release and argued that both petitioners were still within that time period.

The petitioners responded that the only way to prevent an offender from receiving determinate release was if the State filed a petition opposing the release, and they noted that the State had not made any opposition to the release. The petitioners also argued that if the time limits for notifying the Department of Correction and District Attorney's office about an inmate's release eligibility date controlled the release date, an inmate could be detained indefinitely because the Department of Correction did not notify the District Attorney's office. The petitioners noted that the Department of Correction was not responsible for calculating the release eligibility date of an inmate for determinate release but that "the determination of eligibility for such probation is based solely upon the length of the sentence as imposed by the sentencing Court."

The habeas corpus court stated that 40-35-501 set out:

> with more specificity than we usually find in these type of statutes, as far as the mechanism of the 30 days with the Clerk's office, the ten days with the District Attorney or the jail being notified, et cetera. The Department of Corrections has to be allowed to do their job as far as certifying sentence credits, doing paperwork to release as far as determinate release, because they will be released on determinate release and paperwork has to be forwarded to the Board of Probation and Parole and to other authorities, as well as by the statute they have to give the District Attorney's office or the Sheriff time to object.

The habeas corpus court found that the Department of Correction was in compliance with the statute. The court also found that the petitioners' incarceration was not unconstitutional and that their right to due process had not been violated. As a result, the court denied the petition for writ of habeas corpus and later issued a written order to the same effect.

The petitioners filed a timely notice of appeal. The petitioners also filed motions for an appeal bond, which the habeas corpus court granted. The petitioners both signed $500 bonds and were released on their own recognizance. The petitioners were required to report to supervised probation on June 20, 2014, by 4:30 p.m. On June 23, 2014, the

4

State filed a motion to revoke Petitioner Kruse's bond because he did not report to supervised probation as ordered. The habeas corpus court granted the motion.[3]

## ANALYSIS

The petitioners argue that they are entitled to habeas corpus relief because their "sentence of imprisonment or other restraint has expired," as they had already accumulated enough jail credits to exceed their statutorily mandated release eligibility date of 219 days. The State likens the petition to a "challenge to the calculation and determination of a release eligibility date and the denial of parole" and contends that the petitioners have not stated a cognizable claim for habeas corpus relief.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds for the writ are very narrow. *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993). Habeas corpus relief is appropriate "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Id.* at 164 (citation omitted). The writ may be used to correct judgments that are void, rather than merely voidable. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A judgment is void when it "is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." *Id.* A voidable judgment "is one which is facially valid and requires the introduction of proof beyond the face of the record or the judgment to establish its invalidity." *Id.* This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

Tennessee Code Annotated section 40-35-501 governs release eligibility for imprisoned offenders. Section 40-35-501(a)(3) provides for what is known as determinate release, as "[n]otwithstanding any other law, inmates with felony sentences of two (2) years or less *shall* have the remainder of their sentence suspended upon reaching their release eligibility date." (emphasis added). This code section further states that "[t]he department of correction shall notify the district attorney general and the appropriate sheriff, jail administrator, workhouse superintendent or warden of the release eligibility date of all felons with sentences of two (2) years or less in the institution." *Id.* Additionally, the statute provides that no inmate shall be released under this section until at least ten days after the department of correction is notified of the sentence and ten days after the district attorney is notified of the release. T.C.A. § 40-35-501(a)(4). The district attorney may challenge the release only on the grounds that the offender violated prison rules or is a threat to public safety. T.C.A. § 40-35-501(a)(6). Finally, the statute

---

[3] The record does not reflect whether Petitioner Kruse was ever arrested after his bond revocation.

indicates that the court clerk has thirty days to send a copy of the felony conviction to the Department of Correction. T.C.A. § 40-35-501(s).

An inmate with a felony sentence greater than two years is eligible to serve the remainder of the sentence on parole after reaching their release eligibility date. T.C.A. § 40-35-501(a)(1). The release eligibility date does not guarantee release; it simply guarantees that the inmate is *eligible* for release. *State v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) ("Release on parole is a privilege, not a right."). The Department of Correction is responsible for calculating this release eligibility date. T.C.A. § 40-35-501(r). However, release pursuant to Tennessee Code Annotated section 40-35-501(a)(3) "is actually to probation, not parole, for the portion of the sentence left unserved." *State v. Bartholomew*, 278 S.W.3d 268, 277 (Tenn. 2009). As a result, "in sentences of two years or less, defendants have more than the mere hope of release. Instead, they have a right, based upon Tennessee Code Annotated section 40-35-501(a)(3) to have the remainder of their sentence suspended upon reaching their release eligibility date." *State v. Sutton*, 166 S.W.3d 686, 691 (Tenn. 2005).

As the petitioners correctly note, this court has consistently interpreted Tennessee Code Annotated section 40-35-501(a)(3) to mean that a trial court cannot *initially* sentence a defendant with a felony sentence of two years or less to a longer period of confinement than their release eligibility date. *State v. Gary M. Carter*, No. M2006-02341-CCA-R3-CD, 2008 WL 544629, at *4 (Tenn. Crim. App. Feb. 21, 2008); *State v. Kristi Dance Oakes*, No. E2006-01795-CCA-R3-CD, 2007 WL 2792934, at *12 (Tenn. Crim. App. Sept. 27, 2007); *State v. Henry Marshall, Jr.*, No. W1999-01159-CCA-R3-CD, 2001 WL 91950, at *6 (Tenn. Crim. App. Jan. 26, 2001); *State v. John W. Hill,* No. 01C01-9802-CC-00072, 1999 WL 92948, at *2 (Tenn. Crim. App. Feb. 25, 1999). This court has also granted habeas corpus relief to a defendant whose sentence exceeded his release eligibility date. *Jonathan Thornton v. State*, No. E2003-00393-CCA-R8-PC, 2003 WL 1233478, at *2 (Tenn. Crim. App. Mar. 17, 2003) (concluding that a defendant convicted of a Class D felony and sentenced as a Range I offender to nine months' confinement with the remainder on probation was illegal and modifying confinement to 7.2 months, which was the release eligibility date for a Range I offender with a two-year sentence).

To the extent, however, that the petitioners interpret the statute to provide for an automatic suspension of a sentence in which probation has previously been revoked, they are mistaken. Here, both petitioners accrued jail and Community Corrections credit in excess of 219 days as a result of prior probation revocations, but they never explicitly received "determinate release." Under the petitioners' reading of the statute, their prior sentence credits entitled them to immediate determinate release and prevented any additional period of incarceration from the trial court's order that they serve their sentences "as ordered." Determinate release is a form of legislative largess that affords an offender an early release from a felony sentence of two years or less. Probation is also

6

a form of largess that reduces an offender's time in confinement. Having already received and violated the largess of probation, the petitioners argue that they are now entitled to determinate release. In essence, the petitioners advocate for a second bite at the apple of early release.

Tennessee Code Annotated section 40-35-501(a)(7)(A) provides the trial court with authority to revoke probation pursuant to Tennessee Code Annotated section 40-35-311. The statute further provides that "[a]ny defendant whose probation has been revoked pursuant to this subsection (a) is not eligible for release on the same sentence pursuant to the terms of subdivision (a)(3)." *Id.* We interpret this sentence to mean that once a sentence is suspended to probation and that probation is revoked, the offender is no longer entitled to determinate release, regardless of prior periods of incarceration. Instead, the trial court is authorized to order the offender to serve their sentence "as originally entered, less any credit for time served, plus any credits earned and retained by the inmate." T.C.A. § 40-35-501(a)(7)(A). Here, both petitioners had suspended sentences that were revoked. Therefore, we conclude that the trial court did not impose an illegal sentence when it ordered the petitioners to serve their sentences "as ordered." The petitioners are not entitled to relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the habeas corpus court.

_____
JOHN EVERETT WILLIAMS, JUDGE